SHANNON LISS-RIORDAN, *pro hac vice anticipated*
ADELAIDE PAGANO, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:  (617) 994-5801
sliss@llrlaw.com
apagano@llrlaw.com

Attorneys for Plaintiff

HAKAN YUCESOY

ROBERT JON HENDRICKS, State Bar No. 179751
SACHA M. STEENHOEK, State Bar No. 253743
CAITLIN V. MAY State Bar No. 293141
MORGAN, LEWIS & BOCKIUS LLP
One Market Street, Spear Street Tower
San Francisco, California  94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
rhendricks@morganlewis.com
ssteenhoek@morganlewis.com
cmay@morganlewis.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
TRAVIS KALANICK and RYAN GRAVES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKAN YUCESOY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES,<br><br>Defendants. | Case No. 4:15-cv-00262-EMC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR LEAVE FOR PLAINTIFFS TO FILE FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:   June 26, 2014 |

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Hakan Yucesoy ("Plaintiff") and Defendants Uber Technologies, Inc., Travis Kalanick, and Ryan Graves ("Defendants") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, on October 21, 2014, Defendants removed this case from the Superior Court of the Commonwealth of Massachusetts, Suffolk County to the United States District Court for the District of Massachusetts;

WHEREAS, on October 28, 2014, Defendants filed a Motion to Dismiss, or In The Alternative, Transfer Venue to the United States District Court for the Northern District of California to be a related case to *O'Connor v. Uber*, Case No. C-13-3826-EMC;

WHEREAS, on January 16, 2015, Judge F. Dennis Saylor of the United States District Court for the District of Massachusetts ordered this case transferred to the United States District Court for the Northern District of California;

WHEREAS, on February 26, 2015, Plaintiff filed an Amended Complaint, adding a second plaintiff and four causes of action.

WHEREAS, on February 26, 2015, Defendants' counsel notified Plaintiff's counsel that the filing of this Amended Complaint was improper under Federal Rule 15, and Plaintiff's counsel agreed that either stipulation of the parties or leave of the Court was required for Plaintiff to file an Amended Complaint at that time.[1]

WHEREAS, the parties have now agreed to stipulate to Plaintiff's filing of a First Amended Complaint. Pursuant to this stipulation, Plaintiffs hereby withdraw the First Amended Complaint filed on February 26, 2015 and re-file the First Amended Complaint concurrently with this stipulation. Plaintiff agrees that the filing of the Amended Complaint on February 26, 2015

---

[1] Plaintiff's counsel erroneously believed the Amended Complaint could be filed as a matter of right because an Answer has not yet been filed, neglecting to note that Rule 15 was amended in 2009 to require amendments as a matter of right to be filed within 21 days of service of a Rule 12(b) motion. As soon as Defendants' counsel pointed this out (shortly after the filing), Plaintiff's counsel immediately agreed to withdraw the Amended Complaint and replace it with a Motion to Amend, if Defendants were going to oppose the filing of the Amended Complaint. The parties thereafter agreed to enter into a stipulation (Doc. 28) postponing Defendants' deadline to answer the complaint and giving Defendants until today to determine whether or not they would oppose the amendment.

did not constitute filing or service of a pleading on that date. Defendants' time to respond to the First Amended Complaint will be governed by Federal Rule of Civil Procedure 15, and any response must be filed within 14 days after service of the amended pleading.

NOW THEREFORE IT IS HEREBY STIPULATED THAT:

1. Pursuant to Federal Rule 15(a)(2), Plaintiff may file, and hereby files, a First Amended Complaint that is substantively identical to the First Amended Complaint filed on February 26, 2015, attached hereto as **Exhibit 1**.

2. Defendants' response to Plaintiff's First Amended Complaint is due fourteen (14) days from the date of filing this Stipulation – March 31, 2015.

**IT IS SO STIPULATED.**

Dated: March 17, 2015                                     LICHTEN & LISS-RIORDAN, P.C.


                                                          By: */s/ Shannon Liss-Riordan*
                                                              Shannon Liss-Riordan
                                                              Attorneys for Plaintiffs

Dated: March 17, 2015                                     MORGAN, LEWIS & BOCKIUS LLP


                                                          By: */s/ Sacha M. Steenhoek*
                                                              Robert Jon Hendricks
                                                              Sacha M. Steenhoek
                                                              Attorneys for Defendants

**ECF ATTESTATION**

I, Shannon Liss-Riordan, am the ECF User whose ID and Password are being used to file this JOINT STIPULATION AND [PROPOSED] ORDER FOR LEAVE FOR PLAINTIFFS TO FILE FIRST AMENDED COMPLAINT. In compliance with Local Rule 5-1(i)(3), I hereby attest that Sacha M. Steenhoek has concurred in this filing.

1 | Dated: March 17, 2015 | LICHTEN & LISS-RIORDAN, P.C.

By:   */s/ Shannon Liss-Riordan*
     Shannon Liss-Riordan
     Attorneys for Plaintiffs

ORDER ON STIPULATION

**IT IS SO ORDERED.**

DATED:   3/19/15                                 
THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Edward M. Chen*

SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:     (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAKAN YUCESOY and ABDI MAHAMMED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES,<br><br>Defendants. | Case No. CV  15-0262 EMC<br><br>**AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>CASE FILED: JUNE 26, 2014<br><br>BEFORE THE HON. EDWARD M. CHEN |

## I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked as Uber drivers in Massachusetts (other than as Uber taxi drivers), including Uber Black Car, UberX, and UberSUV drivers. Uber is a car service that provides customers with drivers who can be hailed and dispatched through a mobile phone application.

2. Uber has misclassified these drivers as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, the drivers have had to bear expenses that should be borne by the employer. For example, the drivers have had to pay expenses to maintain or lease their vehicles, as well as other expenses, such as gas, insurance, and phone data charges.

3. In addition, Uber has advertised to customers that gratuity is included in the cost of its car service. However, Uber drivers do not receive the total proceeds of any such gratuity. Furthermore, based on Uber's communication to customers that gratuity is included in the price of its service and so they do not need to tip, few if any customers leave tips for the drivers. Uber has also prohibited its drivers from accepting tips. Thus, drivers do not receive the tips that are customary in the car service industry and that they would otherwise receive were it not for Uber's communication to customers that they do not need to tip, and were it not for Uber's prohibition on drivers accepting tips.

4. Plaintiffs bring this action on their own behalf, and on behalf of all Uber drivers (other than Uber taxi drivers) who have worked in Massachusetts, for violations of the Independent Contractor Law, Mass. Gen. L. c. 149 § 148B, the Tips Law, Mass. Gen. L. c. 149 § 152A, the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 § 1, and the Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A, as well as tortious interference with contractual and/or advantageous relations, breach of contract with customers for which the drivers are third party beneficiaries, and unjust enrichment.

## II. PARTIES

5. Plaintiff Hakan Yucesoy worked as an Uber Black Car and UberX driver in Massachusetts in 2013 and 2014.

6. Plaintiff Abdi Mahammed worked as an Uber Black Car driver in Massachusetts in 2012 and 2013.

7. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber drivers (other than Uber taxi drivers) in Massachusetts.

8. Defendant Uber Technologies, Inc. ("Uber") is an international car service that is headquartered in San Francisco, California.

9. Defendant Travis Kalanick is a California resident and is the President and a Director of Uber. Mr. Kalanick is responsible for Uber's pay practices and employment policies.

10. Defendant Ryan Graves is a California resident of and is the Vice President and a Director of Uber. Mr. Graves is responsible for Uber's pay practices and employment policies.

## III. STATEMENT OF FACTS

11. Uber provides car service via an on demand dispatch system.

12. Uber offers customers the ability to hail a car service driver on a mobile phone application.

13. Uber's website advertises that "Uber is your on-demand private driver."

14. Uber has represented to customers, including on its website and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.

15. However, Uber drivers have not received the total proceeds of this gratuity.

16. Instead, Uber has retained a portion of the gratuity for itself.

17. For car service provided by Uber Black Car, UberX, and UberSUV drivers, Uber has generally not specified the amount of the gratuity.

18. However, it is customary in the car service industry for customers to leave approximately a 20% gratuity for drivers.  Thus, where the amount of the gratuity is not specified, reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

19. As a result of Uber's conduct and actions in informing customers that gratuity is included in the cost of its service, and that there is no need to tip the drivers, but then not remitting the total proceeds of the gratuity to the drivers, Uber drivers have been deprived of payments to which they are entitled, and to which reasonable customers would have expected them to receive.

20. Moreover, by informing customers that there is no need to tip the drivers, Uber has further interfered with the advantageous relationship that drivers would otherwise enjoy with customers.  Uber has prevented its drivers from receiving tips from customers based upon its deceptive and misleading communications to customers.

21. In addition, Uber drivers have been told they cannot accept tips that customers may otherwise leave on top of the amount charged to them by Uber.

22. Thus, Uber drivers have not received tips that customers would otherwise leave for them.

23. Although classified as independent contractors, Uber drivers are employees under Massachusetts law.

24. Uber is in the business of providing car service to customers, and that is the service that Uber drivers provide.  The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist.

25. In addition, drivers are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.).

26. Drivers are economically dependent on Uber, and when they are transporting Uber customers, they do so on behalf of Uber.  In other words, drivers are not wearing their own "hat", but instead are wearing Uber's "hat."

27. Due to their misclassification as independent contractors, Uber drivers have been required to bear many of the expenses of their employment, including expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses. Massachusetts law prohibits employers from requiring employees to pay for their jobs, or to bear expenses that are necessary for the performance of their jobs and which primarily benefit the employer.

28. In addition, Defendants do not ensure that drivers receive at least the Massachusetts minimum wage, and drivers often receive less than minimum wage.

29. Defendants also do not pay time-and-a-half for hours drivers work beyond 40 per week. Drivers often work more than 40 hours per week without receiving this overtime pay.

### IV.   EXHAUSTION OF ADMINSTRATIVE REMEDIES

30. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, the above-named plaintiffs filed their statutory claims with the Office of the Attorney General and received right to sue letters in order to proceed on these claims in court.

## COUNT I

### Independent Contractor Misclassification

As set forth above, Defendants have misclassified Uber drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses), in violation of Mass. Gen. L. c. 149 §§ 148 and 148B. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II

### Tips Law Violations

As set forth above, Defendants have violated the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A, both by failing to remit to drivers the total proceeds of gratuities that Defendants have led customers to believe are included in Uber's price for car service and by interfering with drivers' ability to receive tips on top of this price. Defendants have interfered with drivers' receipt of tips both by leading customers to believe that tips are already included in Uber's price for car service and by prohibiting drivers from receiving tips on top of Uber's price for car service.

## COUNT III

### Tortious Interference with Contractual and/or Advantageous Relations

Defendants' conduct, as set forth above, in failing to remit the total proceeds of gratuities to the drivers (that customers want to leave for Uber drivers and believe they are leaving for them) constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and the customers, under state common law. Furthermore, Defendants' conduct in informing Uber customers that there is no need to tip their drivers also constitutes unlawful tortious interference with the contractual and/or

6
AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

advantageous relationship that exists between the drivers and the customers, under state common law.

## COUNT IV

### Unjust Enrichment/*Quantum Meruit*

Defendants have been unjustly enriched through their retention of a portion of the gratuities owed to the drivers, in violation of state common law. Plaintiffs and the class are entitled to restitution for their full share of the proceeds of these gratuities under the state common law doctrine of *quantum meruit*.

## COUNT V

### Breach of Contract

Defendants' conduct, as set forth above, constitutes breach of contract under state common law. Uber drivers are third-party beneficiaries of the contractual relationship between Defendants and their customers, pursuant to which the customers pay what they reasonably believe is gratuity for the benefit of the drivers.

## COUNT VI

### Violation of Massachusetts Minimum Wage Law

By failing to ensure that drivers are paid the full Massachusetts minimum wage for all hours worked, Defendants have violated Mass. Gen. L. ch. 151 § 1. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## COUNT VII

### Violation of Massachusetts Overtime Law

By failing to pay drivers time-and-a-half for all hours worked in excess of forty per week, Defendants have violated Mass. Gen. L. ch. 151 § 1A. This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

### JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs respectfully request this Court to:

A. Certify this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Fed. R. Civ. P. 23;

B. Issue a declaratory judgment that Uber drivers in Massachusetts are employees, not independent contractors;

C. Award damages for all wages or other forms of restitution that are due to Uber drivers because of their misclassification as independent contractors;

D. Award damages that are due to drivers because of Defendants' violation of Mass. Gen. L. c. 149 §§ 148, 148B, 152A, Mass. Gen. L. ch. 151 §§ 1 and 1A, and common law doctrines;

E. Award treble damages for all wage law violations;

F. Award attorneys' fees and costs; and

G. Award any other relief to which the drivers may be entitled.

|   |   |
|---|---|
| 1 | Respectfully submitted, HAKAN YUCESOY |
| 2 | and ABDI MAHAMMED, individually and on behalf of all others similarly situated, |

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, apagano@llrlaw.com

Dated:     March 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served by electronic filing on March 17, 2015, on all counsel of record.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.