UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAKAN YUCESOY, *et al.*,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., *et al.*,

Defendants.

No. C-15-0262 EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**(Docket No. 79)**

## I. INTRODUCTION

On June 12, 2015, this Court granted in part and denied in part Defendants' motion to dismiss the First Amended Complaint (FAC) in this action. *See Yucesoy v. Uber Techs., Inc.*, -- F. Supp. 3d ---, 2015 WL 3657656 (N.D. Cal. 2015). The Court granted Plaintiffs leave to amend their dismissed claims, and directed Plaintiffs to file an amended complaint no later than July 3, 2015. *See id.* at *11.

Rather than file an amended complaint solely addressing the deficiencies noted in this Court's Order, Plaintiffs instead brought the instant motion for leave to file a second amended complaint (SAC) on June 30, 2015.[1] Docket No. 79. Plaintiffs' proposed SAC would: (a) allegedly

---

[1] Uber argues that because Plaintiffs did not actually *file* a second amended complaint within the deadline set by this Court, but instead attached a proposed second amended complaint to their motion for leave to file, this Court should prohibit Plaintiffs from filing any amended complaint for the remainder of this litigation. The Court agrees with Uber that the better practice would have been for Plaintiffs to file an operative complaint as ordered by this Court, and then seek leave to amend *that* complaint by way of a separate motion. However, the Court will not preclude Plaintiffs from filing an amended complaint on this basis, especially because Uber has suffered no prejudice; while Plaintiffs did not actually file an amended complaint by this Court's deadline, it did submit a

1 fix the deficiencies this Court identified in its prior Order;[2] (b) add a claim under California Labor Code section 2802 on behalf of the putative class of Massachusetts-based Uber drivers; and (c) add three additional named plaintiffs. *See* Docket No. 79-1 (Proposed SAC).

For the reasons explained below, the Court grants in part and denies in part Plaintiffs' motion for leave to amend: The Court will not permit Plaintiffs to file an amended complaint that alleges a violation of California Labor Code section 2802, because such amendment would be futile. However, the Court will permit Plaintiffs to file the remainder of the proposed SAC. The hearing on this matter currently set for August 6, 2015 is hereby **VACATED**.

## II. DISCUSSION

### A. Legal Standards

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." *Id*. However, "the grant or denial of a subsequent opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether leave should be granted pursuant to a district court's discretion, the Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.*

In the Ninth Circuit, the above listed factors – often referred to as the *Foman* factors – are not weighted equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987)). Rather, courts

---

proposed amended complaint within the 21 day period this Court set in its prior Order.

[2] Uber does not argue that such amendments should not be permitted, because this Court has already granted leave to amend the complaint for this purpose.

1  have held that "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United*
2  *States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

3  In addition to the requisites of Rule 15, "[o]nce the district court [files] a pretrial scheduling
4  order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending
5  pleadings that rule's standards control[.]" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
6  607-08 (9th Cir. 1992). Orders entered before the final pretrial conference may be modified only
7  upon a showing of "good cause." Fed. R. Civ. P. 16(b). "A court's evaluation of good cause is not
8  coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Rather, "Rule
9  16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the
10 amendment." *Johnson*, 975 F.2d at 609.

11 B.  Plaintiffs' Request to Add Claim Under California Labor Code Section 2802

12 The proposed SAC is a putative class action complaint brought "on behalf of all Uber drivers
13 . . . who have worked in Massachusetts." *See* Proposed SAC at ¶¶ 4-5. Plaintiffs in this action do
14 not allege that they drove for Uber in California, nor do they seek to represent any unnamed drivers
15 who did so. *See* Mot. at 4-5. Nevertheless, Plaintiffs ask this Court for leave to amend their
16 complaint to add a cause of action on behalf of the putative class brought under California Labor
17 Code section 2802, which requires, *inter alia*, that an employer "indemnify his or her employee for
18 all necessary expenditures or losses incurred by the employee in direct consequence of the discharge
19 of his or her duties." Cal. Lab. Code § 2802(a).

20 As Plaintiffs concede, this Court has previously determined in related litigation that section
21 2802 of the California Labor Code does "not apply extraterritorially and, therefore, cannot apply to
22 those Plaintiffs or unnamed class members who worked in states other than California." *O'Connor*
23 *v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1006 (N.D. Cal. 2014) (citations omitted); *see also Cotter*
24 *v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1063-66 (N.D. Cal. 2014). Thus, Plaintiffs' requested amendment
25 would be futile – if amendment were permitted, the Court would simply follow its earlier decision
26 and dismiss the section 2802 claims with prejudice on extraterritoriality grounds.[3] *See Miller v.*

---

[3] In their reply brief Plaintiffs ask this Court to reconsider its extraterritoriality determination, but the Court declines to do so.

1 *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (explaining that a proposed amendment is
2 futile and leave should be denied where the proposed claim is fatally defective as a matter of law).
3 Hence, the Court **DENIES** Plaintiffs' request to amend their complaint to bring a cause of action
4 under section 2802.[4]

### C. Plaintiffs' Request to Add Three Additional Named Plaintiffs

Plaintiffs also seek to amend their complaint to add three additional named plaintiffs, Mokhtar Talha, Brian Morris, and Pedro Sanchez. *See* Proposed SAC at ¶¶8-10. According to Plaintiffs, they want to add Mr. Talha because he is not bound by any arbitration agreement with Defendants, while Plaintiffs seek to add Messrs. Morris and Sanchez because they are currently still driving for Uber, and "thus have clear standing to pursue prospective relief." Mot. at 4.

Uber argues that amendment to add these three proposed class representatives should not be allowed because the proposed amendment is dilatory, futile, and prejudicial. The Court is not convinced. Discovery has not yet begun in this case, and the Court has only ruled on one substantive motion to date – Uber's motion to dismiss Plaintiffs' FAC. Thus, while this action has been active since October 2014 – when it was first filed in Massachusetts – the Court finds that the proposed amendment is not so delayed as to violate either Rules 15 or 16.[5]

Nor has Uber sufficiently demonstrated that adding these three individuals would be futile. As to Messrs. Morris and Sanchez, Uber first argues that amendment would be futile because these

---

[4] Plaintiffs state that the sole purpose of the amendment sought is to "preserve the right of Massachusetts drivers to make use of California law" if this Court's determination on extraterritoriality is "reconsidered or reversed on appeal." Mot. at 5. If that is truly the sole purpose of Plaintiffs' motion, they have likely already succeeded; this Court's order denying leave to amend to add a section 2802 claim may be appealable once this Court enters a final judgment in this action. *See Hall v. City of L.A.*, 697 F.3d 1059, 1070 (9th Cir. 2012) (finding that a non-final order denying leave to amend is reviewable after the final judgment, into which that order merges).

[5] While both parties agree that Rule 16 applies here, neither party identifies the order in which this Court apparently set a deadline for the filing of amended pleadings. Presumably, the parties are referring to the deadline set in this Court's recent Order on Uber's motion to dismiss, which required Plaintiffs to file an amended complaint by July 3, 2015. As noted above, however, Plaintiffs more or less complied with this deadline by lodging (but not filing) their proposed SAC on June 30, 2015. Thus it is debatable whether Rule 16's good cause standard even applies here. Assuming it does, however, the Court finds that the standard is met in this circumstance, as Plaintiffs have identified sufficient reasons for seeking to add the three proposed new representative plaintiffs at this stage of the litigation.

drivers are apparently bound to the 2014 version of Uber's arbitration agreements. Even if true, and even if the 2014 arbitration agreements were enforceable against both Morris and Sanchez, this would likely not render the proposed amendment legally futile. *See Miller*, 845 F.2d at 214 (explaining that a proposed amendment is futile only if the Court would dismiss an allegation with prejudice because "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense"). More importantly though, this Court has already ruled that the 2014 arbitration agreements are not enforceable under California law; a ruling that would likely apply if (or, more accurately, when) Uber moves to compel individual arbitration of Morris's and Sanchez's claims. *See Mohamed v. Uber Techs., Inc.*, -- F. Supp. 3d --, 2015 WL 3749716 (N.D. Cal. 2015).

Uber's alternative futility argument is equally without merit. Uber argues that both Mr. Morris and Mr. Talha are "subject to unique defenses" that would render them inadequate class representatives. Docket No. 82 (Opposition) at 6-7. Specifically with respect to Mr. Morris, Uber argues that it received "complaints that he allegedly drove while intoxicated and had a car that smelled of marijuana," *id.* at 6, while Talha was purportedly "deactivated from the Uber platform [in 2012] for allegedly sexually assaulting female clients. Thrice." *Id.* at 7 (internal alterations and quotation marks omitted). With respect to Mr. Morris, the Court notes that he vehemently denies driving under the influence or using marijuana in his vehicle. And as Plaintiffs point out, if Uber truly believed (or better yet, had actually confirmed) that Mr. Morris had driven Uber passengers under the influence, he likely would not still be driving for Uber today. Docket No. 83 (Reply) at 7. More importantly, however, it is not clear at this stage of the proceedings that either Morris or Talha would be precluded from serving as class representatives even if Uber's allegations were found to be true – thus the Court cannot say that amendment would be futile. *See Stanich v. Travelers Indemnity Co.*, 259 F.R.D. 294, 315 (N.D. Ohio 2009) (recognizing that "the general rule . . . is that unrelated unethical or even criminal conduct is not sufficient to support a finding of inadequacy"); *see also* Newberg on Class Actions § 3.68 (5th ed. 2015) (noting that "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct"). Moreover, even if the Court were convinced at this juncture

that neither Morris nor Talha could ever serve as class representatives, the Court would still be required to permit them to allege claims individually on their own behalf, as plaintiffs seek to do. *See* Proposed SAC at ¶ 11 ("Plaintiffs bring this action on their own behalf *and* on behalf of all others similarly situated . . . .") (emphasis added). Adequacy of their status as class representatives can be addressed in the context of the class certification motion.

Finally, Uber suggests that permitting Plaintiffs to add the three proposed individuals would cause it prejudice. Uber must demonstrate that the prejudice it would suffer from amendment would be reasonably severe. *see Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing on any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original). Uber has not met this standard. Indeed, the only prejudice Uber identifies is that it would be required to bring a separate motion to compel Morris's and Sanchez's claims to arbitration.[6] This is not sufficient to show prejudice that would override the presumption in favor of amendment. Moreover, Uber's claimed prejudice is diminished yet further because Uber has already litigated a motion to compel arbitration pursuant to the precise contracts it claims will apply to Morris and Sanchez. *See generally Mohamed*, 2015 WL 3749716. Uber has further litigated a motion to stay this Court's order refusing to compel arbitration pending Uber's appeal, where Uber raised additional arguments regarding the enforceability of the 2014 Agreements that this Court has adjudicated. *See Mohamed v. Uber Techs.*, -- F. Supp. 3d --, 2015 WL 4483990 (N.D. Cal. 2015) (granting in part and denying in part Uber's motion to stay). Put simply, Uber and this Court have already spent considerable time considering the enforceability of the 2014 arbitration provisions; requiring Uber to bring another motion to compel pursuant to these same contracts is unlikely to require the expenditure of considerable effort or resources from any party to this litigation. Hence, Plaintiffs' motion for leave to amend their complaint to add the three proposed new plaintiffs is **GRANTED**.

---

[6] A motion to compel the current named Plaintiffs' claims to arbitration pursuant to the 2013 Agreement is currently pending before the Court, and is set for hearing on August 6, 2015. *See* Docket No. 62.

### III. CONCLUSION

Plaintiffs' motion for leave to file the proposed SAC is granted in part and denied in part. Plaintiffs may *not* file a complaint alleging violations of California Labor Code section 2802 on behalf of drivers who worked for Uber outside California. Plaintiffs may, however, add the three proposed new class representatives. Plaintiffs shall file their SAC consistent with this Order within five (5) days of the date of this Order. Plaintiffs may not further add claims or parties without leave of Court.

This order disposes of Docket No. 79.

IT IS SO ORDERED.

Dated: July 28, 2015

_____
EDWARD M. CHEN
United States District Judge