SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAKAN YUCESOY, ABDI MAHAMMED, MOKHTAR TALHA, BRIAN MORRIS, and PEDRO SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RYAN GRAVES, and TRAVIS KALANICK,<br><br>Defendants. | Case No. CV 15-0262 EMC<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>CASE FILED: JUNE 26, 2014<br><br>BEFORE THE HON. EDWARD M. CHEN |

1
SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked as Uber drivers in Massachusetts (other than as Uber taxi drivers), including Uber Black Car, UberX, and UberSUV drivers. Uber is a car service that provides customers with drivers who can be hailed and dispatched through a mobile phone application.

2. Uber has misclassified these drivers as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, the drivers have had to bear expenses that should be borne by the employer. For example, the drivers have had to pay expenses to maintain or lease their vehicles, as well as other expenses, such as gas, insurance, and phone data charges.

3. In addition, Uber has advertised to customers that gratuity is included in the cost of its car service. However, Uber drivers do not receive the total proceeds of any such gratuity. Furthermore, based on Uber's communication to customers that gratuity is included in the price of its service and so they do not need to tip, few if any customers leave tips for the drivers. Uber has also prohibited its drivers from accepting tips. Thus, drivers do not receive the tips that are customary in the car service industry and that they would otherwise receive were it not for Uber's communication to customers that they do not need to tip, and were it not for Uber's prohibition on drivers accepting tips.

4. Plaintiffs bring this action on their own behalf, and on behalf of all Uber drivers (other than Uber taxi drivers) who have worked in Massachusetts, for violations of the Independent Contractor Law, Mass. Gen. L. c. 149 § 148B, the Tips Law, Mass. Gen. L. c. 149 § 152A, the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 § 1, and the Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A, as well as tortious interference with advantageous relations, breach of contract with customers for which drivers are third party beneficiaries, and unjust enrichment.

## II. PARTIES

5. Plaintiff Hakan Yucesoy was an adult resident of Brookline, Massachusetts, and now resides in Turkey. He worked as an Uber Black Car and UberX driver in Massachusetts in 2013 and 2014.

6. Plaintiff Abdi Mahammed is an adult resident of Cambridge, Massachusetts. He worked as an Uber Black Car driver in Massachusetts from April 2012 until August 2013.

7. Plaintiff Mokhtar Talha is an adult resident of East Boston, Massachusetts. He worked as an Uber Black Car driver in Massachusetts in 2011 and 2012.

8. Plaintiff Brian Morris is an adult resident of Melrose, Massachusetts. He has worked as an UberBlack and UberSUV driver in Massachusetts since spring 2012.

9. Plaintiff Pedro Sanchez is an adult resident of Hyde Park, Massachusetts. He has worked as an UberX driver in Massachusetts since November 2014.

10. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber drivers (other than Uber taxi drivers) in Massachusetts.

11. Defendant Uber Technologies, Inc. ("Uber") is an international car service that is headquartered in San Francisco, California.

12. Defendant Travis Kalanick is a California resident and is the President and a Director of Uber. Mr. Kalanick is responsible for Uber's pay practices and employment policies. As the top official for Uber, Mr. Kalanick has primary responsibility for overseeing the management of service employees employed by Uber, namely Uber drivers. As President and Director of Uber, he is an officer of an establishment employing service employees, namely Uber drivers.

13. Defendant Ryan Graves is a California resident of and is the Vice President and a Director of Uber. Mr. Graves is responsible for Uber's pay practices and employment

policies. As a senior official for Uber, Mr. Graves also has primary responsibility for overseeing the management of service employees employed by Uber, namely Uber drivers. As Vice President and Director of Uber, he is an officer of an establishment employing service employees, namely Uber drivers.

### III. STATEMENT OF FACTS

14. Uber provides car service via an on demand dispatch system.
15. Uber offers customers the ability to hail a car service driver on a mobile phone application.
16. Uber's website advertises that "Uber is your on-demand private driver."
17. Uber has stated to customers, on its website and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver.
18. In addition, at various times, Uber's contracts with its customers have incorporated by reference the statements and representations made on its website regarding gratuities and statements that "tip is included" in the fare.
19. However, Uber drivers have not received the total proceeds of this gratuity.
20. Instead, Uber has retained a portion of this tip, gratuity, or service charge for itself.[1]
21. For car service provided by Uber Black Car, UberX, and UberSUV drivers, Uber has generally not specified the amount of the tip, gratuity, or service charge.
22. However, it is customary in the car service industry for customers to leave approximately a 20% gratuity for drivers. Thus, where the amount of the gratuity is not specified,

---

[1] Under Massachusetts law, "tips", "gratuities", and "service charges" are generally interchangeable. Thus, Plaintiffs do not, and need not, specify whether the charge is a "tip", "gratuity", or a "service charge".

4
SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

reasonable customers would assume that the gratuity is in the range of 20% of the total fare.

23. As a result of Uber's conduct and actions in informing customers that gratuity is included in the cost of its service, and that there is no need to tip the drivers, but then not remitting the total proceeds of the gratuity to the drivers, Uber drivers have been deprived of payments to which they are entitled, and to which reasonable customers would have expected them to receive.

24. Moreover, by informing customers that there is no need to tip the drivers, Uber has further interfered with the advantageous relationship that drivers would otherwise enjoy with customers. Uber has prevented its drivers from receiving tips from customers based upon its deceptive and misleading communications to customers.

25. Although classified as independent contractors, Uber drivers are employees under Massachusetts law.

26. Uber is in the business of providing car service to customers, and that is the service that Uber drivers provide. The drivers' services are fully integrated into Uber's business, and without the drivers, Uber's business would not exist.

27. In addition, drivers are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.)

28. Drivers are economically dependent on Uber, and when they are transporting Uber customers, they do so on behalf of Uber. In other words, drivers are not wearing their own "hat", but instead are wearing Uber's "hat."

29. Due to their misclassification as independent contractors, Uber drivers have been required to bear many of the expenses of their employment, including expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses. Massachusetts law prohibits employers from requiring employees to pay for their jobs, or to bear expenses that are necessary for the performance of their jobs and which primarily benefit the employer.

30. In addition, Defendants do not ensure that drivers receive at least the Massachusetts minimum wage, and drivers often receive less than minimum wage. For example, Plaintiff Morris calculates that in some weeks (including the week of June 16, 2015), considering the hours he was logged in to receive ride requests from Uber, and after deducting the cost of his car and gas expenses, the amount he received for his work driving for Uber came to less than the Massachusetts minimum wage of $9.00 per hour.

31. Defendants also do not pay time-and-a-half for hours drivers work beyond 40 per week. Drivers often work more than 40 hours per week without receiving this overtime pay. For instance, when Plaintiff Yucesoy drove for UberX, he often worked more than 40 hours per week (including the week of January 20, 2014, when he worked approximately 46 hours). Likewise, Plaintiff Morris also frequently drives more than forty hours per week (including, for example, the weeks of June 8, 2015, and June 16, 2015).

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, the above-named plaintiffs filed their statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

## COUNT I

### Independent Contractor Misclassification

As set forth above, Defendants have misclassified Uber drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for maintaining or leasing their vehicles, insurance, gas, phone data charges, and other expenses), in violation of Mass. Gen. L. c. 149 §§ 148 and 148B. This claim is brought pursuant to M.G.L. c. 149, § 150.

## COUNT II

### Tips Law Violations

As set forth above, Defendants have violated the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A, by failing to remit to drivers the total proceeds of gratuities that Defendants have informed customers are included in Uber's price for car service. Defendants have interfered with drivers' receipt of tips by leading customers to believe that tips are already included in Uber's price for car service.

## COUNT III

### Tortious Interference with Advantageous Relations

Defendant Uber's conduct, as set forth above, in failing to remit the total proceeds of gratuities to the drivers (that customers want to leave for Uber drivers and believe they are leaving for them) constitutes unlawful tortious interference with the advantageous relationship that exists between the drivers and the customers, under state common law. Furthermore, Uber's conduct in informing its customers that there is no need to tip their drivers also constitutes unlawful tortious interference with the advantageous relationship that exists between the drivers and the customers, under state common law.

## COUNT IV

### Unjust Enrichment/*Quantum Meruit*

Uber has been unjustly enriched through its retention of a portion of the gratuities owed to the drivers, in violation of state common law. Plaintiffs and the class are entitled to restitution for their full share of the proceeds of these gratuities under the state common law doctrine of *quantum meruit*.

## COUNT V

### Breach of Contract

Uber's conduct, as set forth above, constitutes breach of contract under state common law.  Uber's contracts with its customers have, at various times, incorporated by reference the representations made on its website, which state that a tip is included in drivers' fares.  Uber drivers are third-party beneficiaries of the contractual relationship between Uber and its customers, pursuant to which the customers pay what they reasonably believe is gratuity for the benefit of the drivers and intend for the drivers to receive.  Uber drivers have been harmed by Uber's breach of this contract with customers.

## COUNT VI

### Violation of Massachusetts Minimum Wage Law

By failing to ensure that Uber drivers receive the full Massachusetts minimum wage for all hours worked, Uber has violated Mass. Gen. L. ch. 151 § 1.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## COUNT VII

### Violation of Massachusetts Overtime Law

By failing to pay Uber drivers time-and-a-half for all hours worked in excess of forty per week, Uber has violated Mass. Gen. L. ch. 151 § 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

8
SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

# **JURY DEMAND**

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs respectfully request this Court to:

A. Certify this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Fed. R. Civ. P. 23;

B. Issue a declaratory judgment that Plaintiffs are employees, not independent contractors;

C. Award damages for all wages or other forms of restitution that are due to Plaintiffs because of their misclassification as independent contractors;

D. Award damages that are due to Plaintiffs because of Defendants' violation of Mass. Gen. L. c. 149 § 152A and common law doctrines;

E. Award treble damages for all wage law violations;

F. Award attorneys' fees and costs; and

G. Award any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

HAKAN YUCESOY, ABDI MAHAMMED, MOKHTAR TALHA, BRIAN MORRIS, and PEDRO SANCHEZ, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, apagano@llrlaw.com

Dated:     July 29, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served by electronic filing on July 29, 2015, on all counsel of record.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.