GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
DEBRA WONG YANG, SBN 123289
  dwongyang@gibsondunn.com
MARCELLUS A. MCRAE, SBN 140308
  mmcrae@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
BRANDON J. STOKER, SBN 277325
  bstoker@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
KEVIN J. RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendants UBER TECHNOLOGIES,
INC., TRAVIS KALANICK, and RYAN GRAVES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKAN YUCESOY, ABDI MAHAMMED, MOKHTAR TALHA, BRIAN MORRIS, and PEDRO SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RYAN GRAVES, and TRAVIS KALANICK,<br><br>Defendants. | CASE NO. 3:15-cv-00262-EMC (DMR)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Defendants' Request for Judicial Notice, Declaration of Michael Colman, and [Proposed] Orders Filed Concurrently Herewith]<br><br>**Hearing:**<br>Date:     October 8, 2015<br>Time:     1:30 p.m.<br>Place:    Courtroom 5<br>Judge:   Hon. Edward M. Chen<br>SAC Filed: July 29, 2015 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 8, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Edward M. Chen, in Courtroom 5 of the United States District Court for the Northern District of California in the San Francisco Courthouse, Seventeenth Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Uber Technologies, Inc. ("Uber"), Travis Kalanick, and Ryan Graves (collectively, "Defendants") will and do move this Court, pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Counts II through VII of Plaintiffs' Second Amended Class Action Complaint on the ground that Plaintiffs have failed to state a claim against Defendants upon which relief may be granted.  In addition, Defendants will and do move this Court, pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Defendants Kalanick and Graves from this action entirely on the ground that Plaintiffs have failed to state a claim against Defendants Kalanick and Graves upon which relief may be granted.

Defendants' Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the concurrently filed Declaration of Michael Colman, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated:  August 28, 2015

THEODORE J. BOUTROUS, JR.
GIBSON, DUNN & CRUTCHER LLP


By:_____/s/ Theodore J. Boutrous Jr._____
          Theodore J. Boutrous Jr.

Attorneys for Defendants UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES

1

## **TABLE OF CONTENTS**

2

Page

3    MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 1

4    I.      OVERVIEW ....................................................................................................................... 1

5    II.     STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(a)(3)] ...................................... 3

6    III.    FACTUAL ALLEGATIONS ............................................................................................. 3

7    IV.     LEGAL STANDARD ........................................................................................................ 4

8    V.      ARGUMENT ..................................................................................................................... 5

9            A.      Plaintiffs Fail To State A Claim For Independent Contractor Misclassification
                     As To Defendants Kalanick and Graves (Count I) ...................................................... 5
10

11           B.      Plaintiffs Fail To State A Claim Under The Massachusetts Tips Law (Count II) ........ 7

12                   1.      Plaintiffs Fail To Satisfy Rule 9(b)'s Heightened Pleading
                             Requirements ..................................................................................................... 7

13                   2.      Count II Should Be Dismissed As To Defendants Kalanick And Graves
                             Because Plaintiffs Have Failed To Cure The Fatal Pleading
14                           Deficiencies Identified By This Court ............................................................... 9

15           C.      Plaintiffs' Common Law Claims (Counts III, IV, V) Are Superseded By The
                     Massachusetts Tips Law ............................................................................................ 10
16

17           D.      Plaintiffs Cannot State A Claim For Unjust Enrichment/*Quantum Meruit*
                     (Count IV) ................................................................................................................. 12

18           E.      Plaintiffs Fail To State A Claim For Breach of Contract (Count V) .......................... 13

19           F.      Plaintiffs Fail To State A Massachusetts Minimum Wage Law Claim
                     (Count VI) ................................................................................................................. 14
20

21           G.      Plaintiffs Have Not Stated A Massachusetts Overtime Law Claim (Count VII) ........ 16

22           H.      Plaintiffs Fail To State Any Claims Against Defendants Kalanick and Graves ......... 18

     VI.     CONCLUSION ............................................................................................................... 18
23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4
*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................ 4, 6, 14, 15

5
*Belghiti v. Select Restaurants, Inc.,*
  No. 10-12049-GAO, 2014 WL 1281476 (D. Mass. Mar. 31, 2014) ........................................... 11

6

7
*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................. 4

8
*Birbara v. Locke,*
  99 F.3d 1233 (1st Cir. 1996) ..................................................................... 18

9
*Birdsong v. Apple, Inc.,*
  590 F.3d 955 (9th Cir. 2009) ................................................................. 15, 17

10

11
*Blanco v. United Comb & Novelty Corp.,*
  Civ. A. No. 13-10829-TSH, 2013 WL 5755482 (D. Mass. Oct. 22, 2013) .................... 2, 6, 9, 10

12
*Boswell v. Zephyr Lines, Inc.,*
  606 N.E.2d 1336 (Mass. 1993) ................................................................ 12, 13

13
*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,*
  637 F.3d 1047 (9th Cir. 2011) ..................................................................... 7

14

15
*Cavallaro v. UMass Mem'l Healthcare, Inc.,*
  678 F.3d 1 (1st Cir. 2012) ........................................................................ 16

16
*Cormier v. Landry's, Inc.,*
  No. 13-11822-NMG, 2013 WL 6196000 (D. Mass. Nov. 22, 2013) ............................... 11

17

18
*Cousins v. Lockyer,*
  568 F.3d 1063 (9th Cir. 2009) ...................................................................... 4

19
*Cumis Ins. Society, Inc. v. BJ's Wholesale Club, Inc.,*
  918 N.E.2d 36 (Mass. 2009) ..................................................................... 14

20
*Dagan v. Jewish Community Housing for the Elderly,*
  45 Mass. App. Ct. 511 (1998) ................................................................... 16

21

22
*DePina v. Marriott Int'l, Inc.,*
  No. 2003-05434, 2009 WL 8554874 (Mass Super. Ct. July, 28, 2009) .......................... 11

23
*Doherty v. Admiral's Flagship Condo. Trust,*
  951 N.E.2d 936 (Mass. App. Ct. 2011) ......................................................... 14

24
*Driscoll v. Landmark Bank for Sav.,*
  758 F. Supp. 48 (D. Mass. 1991) ............................................................... 7, 8

25

26
*Epstein v. C.R. Bard, Inc.,*
  460 F.3d 183 (1st Cir. 2006) ....................................................................... 1

27
*Foman v. Davis,*
  371 U.S. 178 (1962) ................................................................................ 5

28

*George v. Nat'l Water Main Cleaning Co.*,
    286 F.R.D. 168 (D. Mass. 2012) ......................................................................................... 11

*Godt v. Anthony's Pier 4, Inc.*,
    No. 07-3919-BLS1, 2009 WL 3868348 (Mass. Super. Ct. Mar. 25, 2009) ............................. 11

*Gospel Missions of Am. v. City of Los Angeles*,
    328 F.3d 548 (9th Cir. 2003) ............................................................................................... 13

*Hayduk v. Lanna*,
    775 F.2d 441 (1st Cir. 1985) ............................................................................................ 7, 8

*In re Computervision Corp. Sec. Litig.*,
    869 F. Supp. 56 (D. Mass. 1994) .......................................................................................... 7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................................... 7

*Kendall v. Visa U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) ............................................................................................... 4

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2015) ........................................................................................ 16, 17

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ................................................................................................. 4

*Lipsitt v. Plaud*,
    994 N.E.2d 777 (Mass. 2013) ............................................................................................. 11

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................................... 15, 17

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013) ......................................................................................... 16, 17

*Manning v. Boston Med. Ctr. Corp.*,
    725 F.3d 34 (1st Cir. 2013) ........................................................................................... 4, 16

*Mansfield v. Pitney Bowes, Inc.*,
    No. 12-10131-DJC, 2013 WL 947191 (D. Mass. Mar. 12, 2013) ........................................ 11

*Masiello v. Marriot Intern., Inc.*,
    No.08-4036-BLS1, 2011 WL 1842293 (Mass. Super. Ct. Apr. 8, 2011) ............................... 11

*MCI Worldcom Commc'ns, Inc. v. Dep't Telecomms. & Energy*,
    810 N.E.2d 802 (Mass. 2004) ............................................................................................. 12

*Mitchell v. U.S. Airways, Inc.*,
    874 F. Supp. 2d 50 (D. Mass. 2012) ................................................................................... 10

*Mouiny v. Commonwealth Flats Dev. Corp.*,
    No. 06-1116-BLS1, 2008 WL 6091269 (Mass. Super. Ct. Aug. 18, 2008) .................. 2, 11, 12

*O'Connor v. Uber Techs., Inc.*,
    --- F. Supp. 3d ----, 2015 WL 1069092 (N.D. Cal. Mar. 11, 2015) ..................................... 13

*O'Connor v. Uber Techs., Inc.*,
    No. C-13-3826-EMC, 2013 WL 6354534 (N.D. Cal. Dec. 5, 2013) ............................. 6, 9, 13

iii

*Parks Sch. of Bus. v. Symington*,
    51 F.3d 1480 (9th Cir. 1995) ................................................................................................ 4

*Pruell v. Caritas Christi*,
    678 F.3d 10 (1st Cir. 2012) ........................................................................................... 15, 17

*Pullano v. Cooke*,
    No. 07-P-613, 2009 WL 937199,
    903 N.E.2d 1144 (Mass. App. Ct. Apr. 9, 2009) ................................................................ 13

*Robinson v. Spencer Stuart, Inc.*,
    Civ. A. No. 13-10278-RWZ, 2013 WL 3989672 (D. Mass. Aug. 5, 2013) ............................. 2, 6

*Salameh v. Tarsadia Hotel*,
    726 F.3d 1124 (9th Cir. 2013) ............................................................................................. 2, 7

*Sch. Comm. of Bos. v. Reilly*,
    362 Mass. 334 (Mass. 1972) ................................................................................................ 11

*School Comm. of Lowell v. Mayor*,
    164 N.E. 91 (Mass. 1928) ...................................................................................................... 2

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) .................................................................................................. 4

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .................................................................................................. 4

*Swift v. AutoZone, Inc.*,
    806 N.E.2d 95 (Mass. 2004) ................................................................................................. 17

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................................ 7, 8

*Yucesoy v. Uber Techs., Inc.*,
    --- F. Supp. 3d ----, 2015 WL 3657656 (N.D. Cal. 2015) ...................................................... 1

**Statutes**

Mass. Gen. L. c. 149 § 150 ........................................................................................................ 1

Mass. Gen. L. c. 149 § 152A ..................................................................................................... 9

Mass. Gen. L. c. 151 § 1A ....................................................................................................... 16

Mass. Gen. L. c. 151 § 20A ....................................................................................................... 1

Mass. Gen. L. c. 260 § 2A ......................................................................................................... 1

**Rules**

Fed. R. Civ. P.  9(b) ........................................................................................................... 2, 4, 7

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 4

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:15-CV-00262-EMC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     OVERVIEW**

3          On June 12, 2015, this Court granted in part and denied in part Defendants' motion to dismiss

4   the First Amended Complaint ("FAC"), granting Plaintiffs leave to file another amended complaint.

5   *See Yucesoy v. Uber Techs., Inc.*, --- F. Supp. 3d ----, 2015 WL 3657656 (N.D. Cal. 2015)

6   (hereinafter "Dkt. No. 69").  On July 29, 2015, Plaintiffs filed their eight-page Second Amended

7   Complaint ("SAC"), alleging the following causes of action against Uber on behalf of a putative class

8   of "Uber drivers" in Massachusetts[1]:  (I) Independent Contractor Misclassification; (II) Violation of

9   the Massachusetts Tips Law; (III) Tortious Interference with Advantageous Relations; (IV) Unjust

10  Enrichment/*Quantum Meruit*; (V) Breach of Contract; (VI) Violation of the Massachusetts Minimum

11  Wage Law; and (VII) Violation of the Massachusetts Overtime Law.  Dkt. No. 86.  The SAC seeks to

12  hold individual defendants Kalanick and Graves liable only for Counts I and II.[2]

13          This Court should dismiss the individual defendants, as well as Counts II through VII, with

14  prejudice.  Much like the FAC, the SAC consists entirely of cursory factual allegations and a few

15  boilerplate recitations of legal conclusions.  Despite this Court's express instructions, Plaintiffs have

16  not meaningfully expanded or clarified their allegations and have not come close to curing the

17  numerous deficiencies identified by this Court when it dismissed several claims the last time around.

18  *See* Dkt. Nos. 69, 85.

19          With respect to Plaintiffs' Massachusetts Tips Law claim (Count II), Plaintiffs' allegations

20  sound in fraud and therefore are subject to Rule 9(b)'s heightened pleading requirements.  According

21

22  [1]  Plaintiffs purport to represent "all . . . individuals who have worked as Uber drivers (other than
         Uber taxi drivers) in Massachusetts," without any temporal limitation for the putative class.  SAC

23       at ¶ 10.  To the extent Plaintiffs purport to assert claims on behalf of putative class members
         whose causes of action accrued prior to June 26, 2011, such claims are foreclosed as a matter of

24       law by applicable statutes of limitation.  Mass. Gen. L. c. 149 § 150 (three-year statute of
         limitations for Wage Act claims); Mass. Gen. L. c. 151 § 20A (same for minimum wage and

25       overtime claims); Mass. Gen. L. c. 260 § 2A (same for tort actions); *see Epstein v. C.R. Bard,
         Inc.*, 460 F.3d 183, 187 (1st Cir. 2006).

26

27  [2]  The SAC, unlike the FAC, does not assert claims against Defendants Kalanick and Graves for
         tortious interference with advantageous relations, unjust enrichment/*quantum meruit*, breach of

28       contract, or violation of the Minimum Wage Act or Overtime Law (Counts III through VII).

Gibson, Dunn &
Crutcher LLP

1    to Plaintiffs, Uber and the individual defendants engaged in "deceptive and misleading

2    communications [with] customers" (SAC at ¶ 24), tricking customers into "believ[ing] that tips are

3    already included in Uber's price for car service" (*id.* at Count II), which allegedly resulted in riders

4    not giving tips they otherwise would have provided to drivers.  Under the stringent pleading

5    standards of Rule 9(b), Plaintiffs' allegations of fraud must be dismissed for failure to set forth the

6    circumstances of the alleged fraud with the requisite degree of particularity.  *See* Fed. R. Civ. P. 9(b);

7    *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

8          Plaintiffs' common law claims—for tortious interference (Count III), unjust

9    enrichment/*quantum meruit* (Count IV), and breach of contract (Count V)—fail as a matter of law

10    because they are based on the same allegations, and seek the same relief, as Plaintiffs' statutory claim

11    under the Massachusetts Tips Law (Count II).  As a result, Plaintiffs' Tips Law claim supersedes and

12    preempts the common law claims.  *See Mouiny v. Commonwealth Flats Dev. Corp.*, No. 06-1116-

13    BLS1, 2008 WL 6091269, at *7 (Mass. Super. Ct. Aug. 18, 2008) (citing *School Comm. of Lowell v.*

14    *Mayor*, 164 N.E. 91, 92 (Mass. 1928)).  In addition, two of these common law claims (Counts IV and

15    V) fail for independent reasons, as discussed below.

16          Plaintiffs' Minimum Wage Law claim (Count VI) and Overtime Law claim (Count VII)

17    should be dismissed for failure to cure the pleading deficiencies previously identified by the Court.

18    Despite adding three new plaintiffs and a few new barebones factual allegations, Plaintiffs have not

19    adequately alleged that any of them has personally suffered an injury giving rise to a minimum wage

20    or overtime claim.

21          Finally, defendants Kalanick and Graves should be dismissed from the lawsuit entirely.  As in

22    *O'Connor*, Plaintiffs' skeletal allegations against these individual defendants do not provide a

23    plausible basis for personal liability as to Counts I or II—the only two claims asserted against them.

24    *See Blanco v. United Comb & Novelty Corp.*, Civ. A. No. 13-10829-TSH, 2013 WL 5755482, at *4

25    (D. Mass. Oct. 22, 2013); *Robinson v. Spencer Stuart, Inc.*, Civ. A. No. 13-10278-RWZ, 2013 WL

26    3989672, at *4 (D. Mass. Aug. 5, 2013).

27

28

## II.   STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(a)(3)]

The following issues are raised by this motion:

1.  Whether Plaintiffs' second cause of action fails to set forth sufficient facts upon which relief can be granted.

2.  Whether Plaintiffs' third cause of action fails to set forth sufficient facts upon which relief can be granted.

3.  Whether Plaintiffs' fourth cause of action fails to set forth sufficient facts upon which relief can be granted.

4.  Whether Plaintiffs' fifth cause of action fails to set forth sufficient facts upon which relief can be granted.

5.  Whether Plaintiffs' sixth cause of action fails to set forth sufficient facts upon which relief can be granted.

6.  Whether Plaintiffs' seventh cause of action fails to set forth sufficient facts upon which relief can be granted.

7.  Whether the SAC fails to set forth sufficient facts upon which relief can be granted against individual defendants Kalanick and Graves with respect to Plaintiffs' first and second causes of action (the only two causes of action asserted against the individual defendants).

## III.   FACTUAL ALLEGATIONS

Plaintiffs allege that "Uber provides car service via an on demand dispatch system," "offer[ing] customers the ability to hail a car service driver on a mobile phone application."  SAC at ¶¶ 14-15.  Plaintiffs contend that, although drivers who use the Uber App are "classified as independent contractors," they are actually Uber's "employees under Massachusetts law."  *Id.* at ¶ 25. Plaintiffs allege in general terms, without providing any examples, that "Uber has stated to its customers, on its website and in marketing materials, that a gratuity is included in the total cost of the car service and that there is no need to tip the driver."  *Id.* at ¶ 17.  Plaintiffs also assert that "Defendants do not ensure that drivers receive at least the Massachusetts minimum wage" and that "[d]rivers often work more than 40 hours per week without receiving . . . overtime pay."  *Id.* at ¶¶ 30, 31.

3

Gibson, Dunn &
Crutcher LLP

1    Plaintiffs set forth no factual allegations concerning Defendants Kalanick and Graves, other

2 than to identify them as the "President and Director" and "Vice President and Director" of Uber,

3 respectively, and assert that they are "responsible for Uber's pay practices and employment policies,"

4 have "primary responsibility for overseeing the management of service employees employed by

5 Uber, namely Uber drivers," and are "officer[s] of an establishment employing service employees."

6 SAC at ¶¶ 12-13.  The Statement of Facts section of the SAC identifies only Uber, not the individual

7 defendants, as the entity responsible for each allegedly unlawful action pertaining to Counts I and II.

8 *See id.* at ¶¶ 14-29.

9    **IV.    LEGAL STANDARD**

10    A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims

11 alleged.  *See* Fed. R. Civ. P. 12(b)(6); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.

12 1995).  In considering such a motion, a court must take all allegations of material fact as true and

13 construe them in the light most favorable to the nonmoving party, although "conclusory allegations of

14 law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v.*

15 *Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *see also Manning v. Boston Med. Ctr. Corp.*, 725 F.3d

16 34, 43 (1st Cir. 2013) ("[C]onclusory allegations that merely parrot the relevant legal standard are

17 disregarded, as they are not entitled to the presumption of truth.").  "[A] complaint must contain

18 sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" meaning that a

19 plaintiff must "plead[] factual content that allows the court to draw [a] reasonable inference that the

20 defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

21 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

22    As to claims sounding in fraud, Plaintiffs are required by Rule 9(b) to plead specific,

23 particularized factual allegations identifying the "time, place, and specific content of the false

24 representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*

25 *LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

26    "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved

27 by amendment." *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (quoting *Kendall v. Visa*

28 *U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008)); *see also Leadsinger, Inc. v. BMG Music Publ'g*,

512 F.3d 522, 532 (9th Cir. 2008) (district court may deny leave to amend due to "repeated failure to cure deficiencies by amendments previously allowed" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

## V.   ARGUMENT

This Court should dismiss with prejudice Count I (as to individual defendants Kalanick and Graves) and Counts II through VII (as to all Defendants).

### A.   Plaintiffs Fail To State A Claim For Independent Contractor Misclassification As To Defendants Kalanick and Graves (Count I)

Plaintiffs' first cause of action—alleging that Defendants have misclassified drivers operating in Massachusetts as independent contractors—should be dismissed as to Defendants Kalanick and Graves for failure to allege facts showing that they are individually liable to Plaintiffs.

The SAC pleads just four paragraphs containing factual allegations regarding independent contractor misclassification. *See* SAC at ¶¶ 26-29.  Plaintiffs allege that "Uber drivers are employees under Massachusetts law" because "drivers' services are fully integrated into Uber's business," "drivers are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements," and "[d]rivers are economically dependent on Uber." *Id.* at ¶¶ 25-28.  The SAC also asserts, without explanation or factual support, that all drivers who use the Uber App are "service employees" of Uber. *See id.* at ¶¶ 12-13.

The only mention of Defendants Kalanick and Graves comes in the SAC's description of the Parties.  The SAC alleges that "Defendant Travis Kalanick is a California resident and is the President and a Director of Uber," "Defendant Ryan Graves is a California resident and is the Vice President and Director of Uber," and that Defendants Kalanick and Graves are "responsible for Uber's pay practices and employment policies," "ha[ve] primary responsibility for overseeing the management of service employees," and are "officer[s] of an establishment employing service employees." SAC at ¶¶ 12-13. Tellingly, the SAC's "Statement of Facts" offers no allegations whatsoever regarding the individual defendants; it identifies only Uber, the corporation, in each allegation pertaining to independent contractor misclassification. *Id.* at ¶¶ 14-29.

5

1    Several cases have held that these types of conclusory allegations are insufficient to state a

2    claim against individual defendants like Kalanick and Graves.  For example, in *Blanco v. United*

3    *Comb & Novelty Corp.*, 2013 WL 5755482 (D. Mass. Oct. 22, 2013), the court held that plaintiffs

4    had failed to state a Wage Act claim against an individual defendant because the complaint contained

5    only "bare-bones allegations . . . that [the individual] own[ed] and operate[d] [the corporate

6    defendant], and that he [was the corporate defendant's] president, treasurer, secretary, director, and

7    registered agent."  2013 WL 5755482, at *4; *see also id.* ("An individual corporate officer may be

8    considered an employer . . . only upon demonstration that there was a 'role played by the corporate

9    officer in causing the corporation to undercompensate employees[.]'") (citation omitted).  And in

10   *Robinson v. Spencer Stuart, Inc.*, Civ. A. No. 13-10278-RWZ, 2013 WL 3989672 (D. Mass. Aug. 5,

11   2013), the court held that the plaintiff failed to state a Wage Act claim against a corporate executive

12   because the plaintiff simply made a "conclusory allegation that [defendant] 'controlled, directed, and

13   participated to a substantial degree in formulating and determining Company policy.'"  2013 WL

14   3989672, at *4.  The *Robinson* allegation, even bolstered by a supporting affidavit, "certainly [did]

15   not raise a plausible inference that [the executive] controls and directs the company's policy to the

16   extent necessary to incur liability under the Wage Act."  *Id.* at *4 (citation and internal quotation

17   marks omitted).

18       In addition, the Court's reasons for dismissing Defendants Kalanick and Graves in *O'Connor*

19   are equally applicable in this action.  *See O'Connor v. Uber Techs., Inc.*, No. C-13-3826-EMC, 2013

20   WL 6354534, at *18 (N.D. Cal. Dec. 5, 2013).  Where, as here, Plaintiffs have merely identified the

21   individual defendants' "roles in the corporation and alleg[ed] that [they] were 'responsible' for pay

22   practices and employment policies," such allegations do "not make it plausible that they were

23   personally liable."  *Id.* at *18; *see also Iqbal*, 556 U.S. at 680-81 (classifying complaint's

24   allegations—"that [John] Ashcroft was the 'principal architect'" of the challenged policy and that

25   "[Robert] Mueller was 'instrumental' in adopting and executing it"—as "bare assertions," "bald

26   allegations," and "conclusory").  Here, the SAC does not plead *any* facts showing that Defendants

27   Kalanick or Graves personally controlled or directed company policy, or that either controlled or

28   influenced Plaintiffs in any way.  Plaintiffs never specify which, if any, allegedly "detailed

requirements" Defendants Kalanick or Graves imposed on them personally, or whether they followed, ignored, or were impacted in any way by such requirements. *See* SAC at ¶ 27. Thus, Count I against Defendants Kalanick and Graves should be dismissed.

**B.      Plaintiffs Fail To State A Claim Under The Massachusetts Tips Law (Count II)**

Plaintiffs' second cause of action—alleging violations of the Massachusetts Tips Law—should be dismissed as to all Defendants because it sounds in fraud, yet fails to meet Rule 9(b)'s particularity requirements. Additionally, Count II should be dismissed as to Defendants Kalanick and Graves for the independent reason that Plaintiffs have failed to cure the pleading deficiencies identified by this Court in its prior Order dismissing the claim as to the individual defendants. *See* Dkt. No. 69 at 13-17.

**1.      Plaintiffs Fail To Satisfy Rule 9(b)'s Heightened Pleading Requirements**

Plaintiffs' Massachusetts Tips Law claim is subject to Rule 9(b)'s heightened pleading standard because it sounds in fraud. Rule 9(b)'s heightened standard applies to claims that are "grounded in fraud" or that "sound in fraud," *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (Rule 9(b) applies where "fraud lies at the core of the action"), regardless of the label the pleader assigns to it, *Kearns*, 567 F.3d at 1125; *see also In re Computervision Corp. Sec. Litig.*, 869 F. Supp. 56, 63 (D. Mass. 1994) ("[A]lthough no fraud claim [was] pleaded *per se*," complaint sounded in fraud). To meet Rule 9(b)'s heightened pleading standard, "Plaintiffs' complaint must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted)); *see also Driscoll v. Landmark Bank for Sav.*, 758 F. Supp. 48, 51 (D. Mass. 1991) ("[T]o satisfy Rule 9(b), a pleading must specify the "time, place, and content of an alleged false representation . . .'" (citations and internal quotation marks omitted).). "It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "'[W]hile a federal court will examine state law to determine whether the

7

1    elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that

2    the *circumstances* of the fraud must be stated with particularity is a federally imposed rule.'" *Id.*

3    (quoting *Hayduk*, 775 F.2d at 443 (emphasis in original)).

4         The thrust of Plaintiffs' Massachusetts Tips Law claim is that "Defendants have interfered

5    with drivers' receipt of tips by leading customers to believe that tips are already included in Uber's

6    price for car service."  SAC at Count II.  Plaintiffs allege that "Uber has prevented its drivers from

7    receiving tips from customers based upon its *deceptive* and *misleading* communications to

8    customers."  *Id.* at ¶ 24 (emphasis added).  Indeed, in its prior order, this Court ruled that "[t]he only

9    fair reading of Plaintiff's complaint is that Uber intentionally misrepresented that gratuity was

10   included in the cost of its fares, and thus informed passengers not to leave a tip in addition to the

11   amount of the fare."  Dkt. No. 69 at 7.  In other words, Plaintiffs have alleged that Uber committed a

12   fraud.

13        Yet the SAC falls far short of satisfying Rule 9(b)'s heightened pleading standard.  It lacks

14   *any* specific, particularized factual allegations regarding the "time, place, and content of [Uber's]

15   alleged false representation[s] . . . .'" *Driscoll*, 758 F. Supp. at 51.  The SAC alleges vaguely that, at

16   some point, "Uber has stated to customers . . . "that 'tip is included' in the fare," SAC at ¶¶ 17-18,

17   and that Uber "advertised to customers that gratuity is included in the cost of its car service."  *Id.* at

18   ¶ 3.  But it does not cite a *single* specific advertisement or statement made by Uber or the individual

19   defendants.  It does not specify when or where any such statements were made, or by whom or to

20   whom they were stated.  There is certainly no allegation that Defendants ever represented to riders or

21   drivers that 20%—or any specific amount, percentage, or even range—of each fare was actually a tip.

22   *See id.* at ¶ 22.  There is no allegation that any rider, much less those who actually rode with any of

23   the Plaintiffs, either saw or heard any of these alleged statements from Uber regarding tipping,

24   believed them to be true, relied on them, or misunderstood Uber's well-known cashless payment

25   model.  There is also no allegation that any of the Plaintiffs ever received or did not receive a

26   particular tip that a rider intended to leave.  Without alleging any specific factual allegations,

27   Plaintiffs' allegations are merely an unsupported *argument* that Uber and the individual defendants

28

1    knowingly deceived riders and that Plaintiffs have suffered some cognizable harm because of it.  That

2    is insufficient under Rule 9(b).[3]

3              2.       **Count II Should Be Dismissed As To Defendants Kalanick And Graves**
                        **Because Plaintiffs Have Failed To Cure The Fatal Pleading Deficiencies**
4                       **Identified By This Court**

5              Plaintiffs' Massachusetts Tips Law claim also should be dismissed as to Defendants Kalanick

6    and Graves for the reasons previously identified by the Court.  *See* Dkt. No. 69 at 13-17.  Plaintiffs

7    have failed to add any nonconclusory allegations to bolster their deficient pleading.

8              This Court previously dismissed Plaintiffs' Tips Law claims as to Defendants Kalanick and

9    Graves for three independent reasons.  *See* Dkt. No. 69 at 13-17.  First, the Court recognized that "the

10   language of section 148 imposing . . . individual liability . . . does not apply to . . . section 152A of the

11   Wage Act."  Dkt. No. 69 at 14-16 (citing *Blanco*, 2013 WL 5755482, at *2 n.3 ("Significantly, the text

12   of . . . section 148 . . . contains an important limitation: it applies only to 'this section' of the statute

13   . . . .  Thus, section 148 does not apply to e.g. section 152A of the Wage Act.")).  Second, the Court

14   found that Plaintiffs alleged themselves to be "in service" to Uber, but not to either of the individual

15   defendants.  Dkt. No. 69 at 16 (citing Mass. Gen. L. c. 149 § 152A).  Third, the Court noted that

16   Plaintiffs did not plausibly show that the individual defendants are "owners or officers of an

17   'establishment'" under section 152A.  Dkt. No. 69 at 16-17 (citing Mass. Gen. L. c. 149 § 152A).

18             The SAC makes little effort to cure these fatal deficiencies identified by the Court.  The SAC

19   still contains no factual allegations indicating that Plaintiffs are "in service" to either individual

20   defendant.  *See* Mass. Gen. L. c. 149 § 152A; Dkt. No. 69 at 16.  And Plaintiffs have completely

21   disregarded the Court's instruction to "plead additional facts regarding the individual defendants'

22   'wrongful acts in which they have been personally involved.'"  Dkt. No. 69 at 14 (quoting *O'Connor*,

23   2013 WL 6354534, at *18).  As they did before, Plaintiffs still allege themselves to be in the service

24   of Uber only.  *See* SAC at ¶¶ 14-29.

25   _____

26   [3]  Moreover, as this Court previously noted, all of Plaintiffs' claims that are pleaded inadequately
         against Uber "are also inadequately pleaded against the individual defendants, whose liability
27       could only derive from their [alleged responsibility for Uber's pay practices and employment
         policies]."  Dkt. No. 69 at 13-14.  Thus, if Plaintiffs' Tips Law claim is dismissed as to Uber, it
28       should be dismissed as to the individual defendants as well.

In an apparent attempt to cast Defendants Kalanick and Graves as "employer[s]" under section 152A, Plaintiffs have added to their SAC two new boilerplate recitations of legal elements: that (i) Defendants Kalanick and Graves have "primary responsibility for overseeing the management of service employees employed by Uber, namely Uber drivers"; and (ii) each "is an officer of an establishment employing service employees, namely Uber drivers."  SAC at ¶¶ 12-13.  But Plaintiffs' misguided efforts to cure their pleading deficiencies ignore this Court's findings that (i) the Massachusetts Tips Law is "principally directed at employers in the foodservice industry," and (ii) the term "establishment," which limits the definition of "employer," is "likely intended to apply to the owners or officers of restaurants, bars, or the like—not necessarily owners of large multinational corporations like Uber," and should thus be "given its plain and ordinary meaning."  Dkt. No. 69 at 16.  Plaintiffs' generic allegations, which simply parrot Massachusetts statutory law, fail to state a claim upon which relief may be granted.  *See Mitchell v. U.S. Airways, Inc.*, 874 F. Supp. 2d 50, 53 (D. Mass. 2012) ("A mere recital of the legal elements supported only by conclusory statements is not sufficient to state a cause of action" (citing *Iqbal*, 556 U.S. at 678-79).).  Because Plaintiffs still do not (and cannot) plausibly allege that Defendants Kalanick or Graves are owners or officers of an "establishment" under section 152A, Defendants Kalanick or Graves cannot be held individually liable.  *See Blanco*, 2013 WL 5755482, at *4 (holding that "bare-bones allegations . . . that [an individual] owns and operates [a corporation], and that he is also [the corporation's] president, treasurer, secretary, director, and registered agent are insufficient to establish that he was an 'employer'").

C.     **Plaintiffs' Common Law Claims (Counts III, IV, V) Are Superseded By The Massachusetts Tips Law**

Plaintiffs' common law causes of action for tortious interference (Count III), unjust enrichment/*quantum meruit* (Count IV), and breach of contract (Count V) each fail because they are based on the same allegations and seek relief covered by Plaintiffs' Massachusetts Tips Law claim. As a result, they are superseded as a matter of law.

"Under Massachusetts law, where a statute has been enacted seemingly intended to cover the whole subject to which it relates, including a remedy for its infraction, other provisions of the

10

common law, including such as are remedial in nature, are thereby superseded." *Mansfield v. Pitney Bowes, Inc.*, No. 12-10131-DJC, 2013 WL 947191, at *2 (D. Mass. Mar. 12, 2013) (citing *Sch. Comm. of Bos. v. Reilly*, 362 Mass. 334, 338 (Mass. 1972)).  The Massachusetts Tips Law constitutes one such law.  *See Lipsitt v. Plaud*, 994 N.E.2d 777, 784 n.11 (Mass. 2013) ("Cases involving the Tips Act . . . are situations where an employee would have no recognized cause of action but for the statutes' imposition of obligations on employers" (internal citations and quotation marks omitted).).  Accordingly, Massachusetts courts routinely dismiss common law claims that are based on allegations covered, and therefore superseded, by the Massachusetts Tips Law.  *See, e.g.*, *Belghiti v. Select Restaurants, Inc.*, No. 10-12049-GAO, 2014 WL 1281476, at *5 (D. Mass. Mar. 31, 2014) (granting summary judgment for defendant as to common law claims preempted by Tips Act and Tips Act claims themselves); *Cormier v. Landry's, Inc.*, No. 13-11822-NMG, 2013 WL 6196000, at *5 (D. Mass. Nov. 22, 2013) ("common law claims cannot be brought for alleged violations of the Tips Act"); *George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 187-88 (D. Mass. 2012) (granting judgment on the pleadings as to breach of contract and unjust enrichment claims under Massachusetts law); *Masiello v. Marriot Intern., Inc.*, No.08-4036-BLS1, 2011 WL 1842293, at *3 (Mass. Super. Ct. Apr. 8, 2011) ("[Plaintiff's] common law claims rise or fall on his Tips Act claim. Where that fails, so too must his common law claims."); *DePina v. Marriott Int'l, Inc.*, No. 2003-05434, 2009 WL 8554874, at *13-14 (Mass Super. Ct. July, 28, 2009) (holding that Tips Law preempted plaintiffs' unjust enrichment, restitution, and breach of contract claims); *Godt v. Anthony's Pier 4, Inc.*, No. 07-3919-BLS1, 2009 WL 3868348, at *5-6 (Mass. Super. Ct. Mar. 25, 2009) (holding that Tips Law preempted interference with contractual and/or advantageous relations, unjust enrichment, *quantum meruit*, and breach of contract claims); *Mouiny v. Commonwealth Flats Dev. Corp.*, No. 06-1116-BLS1, 2008 WL 6091269, at *7 (Mass. Super. Ct. Aug. 18, 2008) (holding that Tips Law superseded plaintiffs' related common law claims).

Here, all three of Plaintiffs' common law claims are based on the exact same allegations that undergird their Massachusetts Tips Law claim.  *Compare* SAC at Count II ("Defendants have interfered with drivers' receipt of tips by leading customers to believe that tips are already included in Uber's price for car service."), *with id.* at Count III ("Uber's conduct, as set forth above, in failing to

11

1   remit the total proceeds of gratuities to the drivers (that customers want to leave for Uber drivers and

2   believe they are leaving for them) constitutes unlawful tortious interference . . . ."), *id.* at Count IV

3   ("Uber has been unjustly enriched through its retention of a portion of the gratuities owed to the

4   drivers, in violation of state common law."), *id.* at Count V ("Uber's conduct, as set forth above,

5   constitutes breach of contract under state common law. . . . [C]ustomers pay what they reasonably

6   believe is gratuity [sic] for the benefit of the drivers and intend for the drivers to receive.").

7   Plaintiffs' "common law claims are mere surplusage, of no legal consequence," *Mouiny*, 2008 WL

8   6091269, at *7, and therefore should be dismissed with prejudice.

9           **D.**      **Plaintiffs Cannot State A Claim For Unjust Enrichment/*Quantum Meruit***
10                  **(Count IV)**

11           Plaintiffs' claim for unjust enrichment/*quantum meruit* fails for the additional reason that

12   express contracts between Uber and Plaintiffs have governed and continue to govern the terms of

13   payment to drivers, including Plaintiffs.  *See* Request for Judicial Notice, Exs. A-W.

14           "Recovery in quantum meruit presupposes that no valid contract covers the subject matter of a

15   dispute."  *Boswell v. Zephyr Lines, Inc.*, 606 N.E.2d 1336, 1342 (Mass. 1993).  "Where such a

16   contract exists, the law need not create a quantum meruit right to receive compensation for services

17   rendered."  *Id.*; *see also MCI Worldcom Commc'ns, Inc. v. Dep't Telecomms. & Energy*, 810 N.E.2d

18   802, 812 (Mass. 2004).  As this Court previously held, Plaintiffs "could never recover in *quantum*

19   *meruit* where there was an express contract between Uber and the drivers that governed the payment

20   of fares."  Dkt. No. 69 at 10; *see also id.* (noting that "the same legal rules applies in Massachusetts"

21   as in California).  Although the Court declined to dismiss the *quantum meruit* claim the last time

22   around, it noted that Plaintiffs' claim would "lose its viability" if Defendants could show the

23   "existence of an express contract that governs Uber's payment of fares or gratuities."  *Id.* at 11.

24           Although Plaintiffs still have not affirmatively pleaded the existence of any express contracts

25   governing the terms of their relationship with Uber, they have conceded *in this action* that such

26   contracts exist, and that Plaintiffs have "received and agreed to" them.  *See, e.g.*, Dkt. Nos. 72

27   (Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration) at 1-3; 101 (Plaintiffs'

28   Opposition to Defendants' Motion to Compel Arbitration as to Plaintiffs Morris and Sanchez) at 1-3;

*see also Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (statements made in briefs may be binding judicial admissions); *Pullano v. Cooke*, No. 07-P-613, 2009 WL 937199, 903 N.E.2d 1144, at *3 (Mass. App. Ct. Apr. 9, 2009) ("While [plaintiff] is allowed to plead in the alternative, the conceded existence of a contract here renders a claim for quantum meruit unavailable, and the trial judge properly dismissed the count.").  Indeed, there is no question that such contracts exist—the Court is well aware that they are central to Plaintiffs' misclassification claim and class certification argument.  *See O'Connor v. Uber Techs., Inc.*, --- F. Supp. 3d ----, 2015 WL 1069092, at *2 (N.D. Cal. Mar. 11, 2015) ("Once a prospective driver successfully completes the application and interview stages, the driver must sign contracts with Uber or one of Uber's subsidiaries (Raiser LLC). . . .  Those contracts explicitly provide that the relationship between the transportation providers and Uber/Raiser 'is solely that of independent contracting parties.'").  Accordingly, Plaintiffs' unjust enrichment/*quantum meruit* claim should be dismissed, as it was in *O'Connor*, with prejudice.  *See O'Connor*, 2013 WL 6354534, at *13 ("Because Plaintiffs allege that the 'gratuities' Uber collects are part of the fare paid by customers, and the Licensing Agreement governs how fares will be divvied up between drivers and Uber, the agreement covers the subject matter of a *quantum meruit* claim: . . . .  Uber's motion to dismiss the *quantum meruit* claim is granted with prejudice."); *Boswell*, 606 N.E.2d at 1342.

### E.    Plaintiffs Fail To State A Claim For Breach of Contract (Count V)

Plaintiffs' fifth cause of action for breach of contract fails for exactly the same reasons stated by the Court in its prior Order dismissing this claim:  "Plaintiffs never explain in their complaint *why* they might be third-party beneficiaries of any contract between Uber and its riders, nor do they even identify what contract Uber apparently breached with its customers, whether that contract is express or implied, and if it is implied, what that contract's terms might be."  Dkt. No. 69 at 11.  Although this Court granted Plaintiffs leave to correct these pleading deficiencies, *see id.* at 12, Plaintiffs have not done so.  Instead, Plaintiffs offer only the following new assertion:  "Uber's contracts with its customers have, at various times, incorporated by reference the representations made on its website, which state that a tip is included in drivers' fares."  SAC at Count V; *see also id.* at ¶ 18.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:15-CV-00262-EMC (DMR)

1    Plaintiffs' meager attempt to cure the deficiencies this Court identified falls far short.  The

2   SAC still fails to allege whether the supposed agreement between Uber and riders is an express or

3   implied contract.  Dkt. No. 69 at 11 ("Plaintiffs never explain . . . whether [the] contract is express or

4   implied . . . .").  The SAC still fails to allege "*why* [Plaintiffs] might be third-party beneficiaries of

5   any contract between Uber and its riders . . . ."  *Id.*; *see also Cumis Ins. Society, Inc. v. BJ's*

6   *Wholesale Club, Inc.*, 918 N.E.2d 36, 42, 44-45, n.18 (Mass. 2009) ("In order to recover as a third-

7   party beneficiary, the plaintiffs must show that they were intended beneficiaries of the contract . . . ").

8   The SAC still does not specify the content of the alleged contract between Uber and customers.  Dkt.

9   No. 69 at 11 ("Plaintiffs never explain . . . what that contract's terms might be.").  And it still does

10   not specify the sequence of events regarding the formation of Uber's alleged contracts with riders or

11   the alleged statements that were incorporated by reference into those contracts.  *See* May 21, 2015,

12   Hearing Tr. at 13:4-16:12 ("[I]t seems to me that there ought to be some greater specificity here.").

13   In effect, Plaintiffs allege that some *unspecified* contracts, which *may* be implied or *may* be express,

14   *at some unknown point in time*, incorporated by reference some *unidentified representations*

15   purportedly made by Uber that are not tied to Plaintiffs in any way.  Such vague allegations plainly

16   are insufficient to "unlock the doors of discovery."  *Iqbal*, 556 U.S. at 678-79; *see also Doherty v.*

17   *Admiral's Flagship Condo. Trust*, 951 N.E.2d 936, 943 (Mass. App. Ct. 2011) ("[P]laintiff's bare

18   allegation as to each count that she 'was an intended beneficiary of said contract,' with no additional

19   facts regarding the defendants' intent, fails to state a claim for relief as an intended third-party

20   beneficiary to a contract.").

21       **F.       Plaintiffs Fail To State A Massachusetts Minimum Wage Law Claim (Count VI)**

22       Plaintiffs' Minimum Wage Law claim, asserted this time around against Uber but not the

23   individual defendants, likewise should be dismissed because Plaintiffs have again failed to cure the

24   pleading deficiencies identified by the Court in its prior Order dismissing the claim—namely, to

25   plead that they "*personally*" were paid less than minimum wage.  *See* Dkt. No. 69 at 12-13.

26       This Court previously held that Plaintiffs' Minimum Wage Law allegations were "obviously

27   deficient for a very simple reason—neither of the Plaintiffs allege[d] that he was *personally* ever paid

28   less than the minimum wage . . . ."  Dkt. No. 69 at 13; *see also id.* ("Plaintiffs here have not alleged

14

1   any injury-in-fact to themselves, and thus would not have standing to pursue the claims.") (citing

2   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Despite adding three new Plaintiffs, the

3   SAC neglects to allege a *single* fact regarding four of the Plaintiffs—Plaintiffs Yucesoy, Mahammed,

4   Talha, and Sanchez—with respect to the Minimum Wage Law Claim.  *See Pruell v. Caritas Christi*,

5   678 F.3d 10, 14 (1st Cir. 2012) ("[W]hen the district judge asks for more specifics, a serious effort to

6   flesh out the complaint is fairly to be expected.").  Because Plaintiffs have failed to allege that those

7   Plaintiffs have suffered any injury-in-fact, despite having multiple opportunities to do so, the

8   Minimum Wage Law claims of Plaintiffs Yucesoy, Mahammed, Talha, and Sanchez should be

9   dismissed with prejudice.  *See Lujan*, 504 U.S. at 560; *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960

10  (9th Cir. 2009).

11          As for new Plaintiff Morris, Plaintiffs include a single new allegation in the SAC:  "Plaintiff

12  Morris calculates that in some weeks (including the week of June 16, 2015), considering the hours he

13  was logged in to receive ride requests from Uber, and after deducting the cost of his car and gas

14  expenses, the amount he received for his work driving for Uber came to less than the Massachusetts

15  minimum wage of $9.00 per hour."  SAC at ¶ 30.  This allegation is insufficient to state a "plausible"

16  claim for relief under the Minimum Wage Act.  *Iqbal*, 556 U.S. at 678.  The SAC offers no

17  explanation, for example, as to how Plaintiff Morris calculated his pay per hour, or which records, if

18  any, he consulted.  *See Pruell*, 678 F.3d at 15 ("Plaintiffs certainly know what sort of work they

19  performed and presumably know how much they were paid as wages.").  The SAC does not allege or

20  even approximate how many hours he worked during "some weeks," or describe the "work" he

21  purportedly performing during this time so that Defendants can determine whether the "work" was

22  compensable under Massachusetts law.[4]  The SAC does not identify or even approximate how much

---

23

24  [4] Although it is impossible to decipher the meaning of "work" from Plaintiff Morris's vague
    allegations, it appears that Plaintiff Morris's definition of "work" may include nothing more than

25  logging into the Uber App, time that plainly could not be factored into Plaintiffs' minimum wage
    calculations *even if* Plaintiffs were deemed to be Uber's employees.  *See* SAC at ¶ 30 ("Plaintiff

26  Morris calculates that . . . *considering the hours he was logged in* to receive ride requests from
    Uber, . . . the amount he received for his work driving for Uber came to less than the

27  Massachusetts minimum wage . . . .") (emphasis added); *see Pruell*, 678 F.3d at 14 (plaintiffs
    failed to state FLSA claim by alleging that they "regularly worked hours over 40 in a week and

28  were not compensated for such time" because "various forms of 'work' may not be [ ]

                                                                            *(Cont'd on next page)*

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:15-CV-00262-EMC (DMR)

Plaintiff Morris earned during "some weeks."  And it fails to identify the types or amount of costs that Plaintiff Morris chose to deduct when making his calculation; such costs are described only obliquely as "the cost of his car and gas expenses," leaving Defendants with no way to determine whether these alleged "costs" were even conceivably reimbursable expenses under any Massachusetts law.  *See* SAC at ¶ 30.  Even when construed in the light most favorable to Plaintiffs, the SAC simply does not plead sufficient facts to elevate Plaintiff Morris's Minimum Wage Law claim "above the mere possibility of [D]efendants' liability."  *Manning*, 725 F.3d at 45.  As such, Plaintiffs' Minimum Wage Law claim should be dismissed.

### G.      Plaintiffs Have Not Stated A Massachusetts Overtime Law Claim (Count VII)

Plaintiffs have also failed to remedy their inadequately-pleaded Overtime Law claim because they once again have failed to allege that they each "*personally*" worked more than forty hours in a given workweek and failed to receive overtime compensation *during those particular workweeks*.  *See* Dkt. No. 69 at 12-13 ("[E]ven if the factual content of the . . . overtime claims was otherwise sufficient to state claim under Massachusetts law, Plaintiffs have not alleged any injury-in-fact to themselves").

The Massachusetts Overtime Law "mandates overtime pay for hours worked over 40 per week at one and a half times the employee's regular rate of pay."  *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9 (1st Cir. 2012); *see* Mass. Gen. L. c. 151 § 1A.  Under the Massachusetts Overtime Law, as with the analogous federal Fair Labor Standards Act, "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek *without being compensated* for the overtime hours worked *during that workweek*."  *Landers v. Quality Commc'ns., Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2015) (emphasis added) (citation omitted); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (holding that plaintiffs failed to plead FLSA overtime claim because "Plaintiffs [had] not alleged a

*(Cont'd from previous page)*

compensable.");  *Dagan v. Jewish Community Housing for the Elderl*y, 45 Mass. App. Ct. 511, 519 (1998) (holding that "on-call time . . . i.e., working and waiting, as contrasted with working time only" does not "constitute[ ] working time for purposes of applying the minimum and overtime provisions" of the Minimum Wage Act).

16

single workweek in which they worked at least 40 hours *and also worked uncompensated time in excess of 40 hours*") (emphasis added); *see also Swift v. AutoZone, Inc.*, 806 N.E.2d 95, 98-99 (Mass. 2004) (interpreting Massachusetts Overtime Law by reference to FLSA because "the overtime provisions under State law were intended to be 'essentially identical' to Federal law . . . .") (citation omitted); *cf. Pruell*, 678 F.3d at 13-14 (holding that Plaintiffs had failed to state FLSA overtime claim even though they alleged that they "regularly worked hours over 40 in a week *and were not compensated for such time*") (emphasis added).

In addition to the same generic allegations that this Court found wanting the last time it dismissed Plaintiffs' claim, *see* SAC at ¶ 31 ("Drivers often work more than 40 hours per week without receiving this overtime pay."), Plaintiffs have added just two sentences to their pleading: (i) "[W]hen Plaintiff Yucesoy drove for UberX, he often worked more than 40 hours per week (including the week of January 20, 2014, when he worked approximately 46 hours)," and (ii) "Plaintiff Morris also frequently drives more than forty hours per week (including, for example, the weeks of June 8, 2015, and June 16, 2015)." *Id.* at ¶ 31.  But, crucially, neither of these sentences contains an allegation that either Plaintiff Yucesoy or Plaintiff Morris was ever *undercompensated* during any of the three weeks in which they supposedly "worked" for more than 40 hours.[5]  Numerous courts of appeal, including the Ninth Circuit, have held that such allegations are insufficient to state an overtime claim.  *See Landers*, 771 F.3d at 644-45; *Lundy*, 711 F.3d at 114; *see also Swift*, 806 N.E.2d at 98-99.[6]  Because Plaintiffs have again failed to allege facts sufficient to state an Overtime Law claim, the Court should dismiss Plaintiffs' claim with prejudice.  *See Lujan*, 504 U.S. at 560; *Birdsong*, 590 F.3d at 960.

---

[5]  Additionally, Plaintiffs' Overtime Law claim, like their Minimum Wage Law claim, fails to explain or describe the meaning of "work" in this context.  *See Pruell*, 678 F.3d at 14.

[6]  Plaintiffs offer *no allegations whatsoever* as to Plaintiffs Mahammed, Talha, and Sanchez—certainly not any particular weeks in which they allegedly worked for more than 40 hours and for which they were undercompensated—so, at a minimum, those Plaintiffs' Overtime Law Claims should be dismissed with prejudice.

1

### H.     Plaintiffs Fail To State Any Claims Against Defendants Kalanick and Graves

2

As shown above, Plaintiffs allege only two causes of action (Counts I and II) against

3  Defendants Kalanick and Graves, neither of which is viable because the SAC's cursory allegations

4  fail to provide even a remotely plausible basis for individual liability.  There is no reason to allow

5  Plaintiffs to "pierce the corporate veil," as they are attempting to do.  *See* Hearing Tr. at 28:9-37:6; *see*

6  *also Birbara v. Locke*, 99 F.3d 1233, 1239 (1st Cir. 1996) (in Massachusetts, corporate veils are

7  pierced only "in rare situations").  For the foregoing reasons, Defendants Kalanick and Graves should

8  be dismissed from this litigation.

9

## VI.    <u>CONCLUSION</u>

10

Because Plaintiffs' SAC fails to state claims upon which relief may be granted, and because

11  any further amendment of the complaint would be futile and wasteful, Counts II through VII and

12  individual defendants Kalanick and Graves should be dismissed with prejudice.

13  Dated:  August 28, 2015                  THEODORE J. BOUTROUS, JR.
                                            GIBSON, DUNN & CRUTCHER LLP
14

15                                          By: _____ */s/ Theodore J. Boutrous Jr.* _____
16                                                    Theodore J. Boutrous Jr.

17                                          Attorneys for Defendants UBER TECHNOLOGIES,
                                            INC., TRAVIS KALANICK, and RYAN GRAVES
18

19

20

21

22

23

24

25

26

27

28

1
2

       I, Kevin J. Ring-Dowell, hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

3
4

By: _____ */s/ Kevin J. Ring-Dowell* _____

5

Kevin J. Ring-Dowell

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:15-CV-00262-EMC (DMR)

# DECLARATION OF SERVICE

I, Robin McBain, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On August 28, 2015, I served the within:

> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
>
> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**
>
> **DECLARATION OF MICHAEL COLMAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**
>
> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**
>
> **[PROPOSED] ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

on the parties stated below, by the following means of service:

☑  **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑  I am employed in the office of Theodore J. Boutrous, Jr., a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2015.

_____
/s/
Robin McBain

Gibson, Dunn & Crutcher LLP